## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| SHERIFF DOUG MAUE | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE, RICHARD ROE, Police | ) |
| Officers and Security Guards at Clinton | ) |
| County Jail, The Identity and Number | ) |
| Of Whom Is Presently Unknown | ) |
| To the Plaintiff, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now the plaintiff, Jimmy Griffin, by his undersigned attorneys and for his Complaint against the defendants, Sheriff Doug Maue and John Doe, Richard Roe, Police Officers and Security Guards at Clinton County Jail, the Identity and Number of Whom Is Presently Unknown to the Plaintiff, states the following:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff was at all relevant times a resident of the county of Clinton County, Illinois.

2. At all times relevant herein, defendant Doug Maue was the duly elected Sheriff of Clinton County.

3. Per 730 ILCS 125/2, Sheriff Maue was the Warden of the Clinton County Jail.

4. At all times relevant herein, Sheriff Doug Maue employed various personnel as part of his operation and supervision of the county jail.

5. That on or about, February 11, 2017, Plaintiff was taken into custody and charged with various offenses. That custody of the plaintiff was subsequently turned over to the Clinton County Sheriff's Department.

6. That the Clinton County Sheriffs and other prison personnel were acting in the course and scope of their employment and under color of state law when they took the plaintiff into custody and the entire time the plaintiff was in custody.

7. That while in custody, plaintiff was forced to wear clothing and footwear provided by the jail.

8. That the plaintiff wears a size 17 shoe. The largest size the jail could provide was a size 12.

9. That Plaintiff requested a larger size and was advised they gave him the largest shoes they had and he had to make due with what they had.

10. That Plaintiff was forced to wear these shoes that were both painful and dangerous.

11. That the correctional officers made comments such as "when he falls, he is going to take out half our inmates."

12. That the other inmates made several complaints to the guards regarding the plaintiff's footwear, his unsteadiness with those shoes, and the danger of a man his size falling on them.

13. Plaintiff's cell was overcrowded thus making the situation even more dire.

14. Plaintiff spent the next 7 days in the jail wearing these grossly undersized shoes. That at various times the guards and inmates observed him tripping and being generally unsteady while being forced to wear these shoes.

15. On February 18, 2017, Plaintiff fell due to the undersized shoes.

16. As a result of the fall, Plaintiff suffered severe injuries to his head and neck.

### COUNT I – Violation of 42 USC § 1983 v. Sheriff Maue

17. That Plaintiff incorporates paragraphs 1-16 as if fully set forth herein.

18. That Defendant Maue had a duty to maintain the premises and to provide reasonably safe living conditions to the people in its custody.

19. That Plaintiff was deprived, by the defendants, of his rights under the Fifth and Fourteenth Amendments to the US Constitution to due process of law and to maintain the premises and to furnish reasonably safe living conditions to the people in his department's custody.

20. The Defendant's failure to take appropriate steps to provide reasonably

safe footwear constitutes deliberate indifference to Plaintiff's basic need for reasonable protection from harm and violated Plaintiff's right to be free from cruel and unusual punishment.

21. That Defendant's actions unreasonably created a strong likelihood of serious harm to Plaintiff and/or significantly increased the plaintiff's risk of harm.

22. That as a direct and proximate result of the foregoing acts on the part of the defendant, the plaintiff suffered personal injuries, medical expenses, pain and suffering, attorney's fees and will be caused to incur medical expenses in the future as well as pain and suffering.

WHEREFORE, Plaintiff, prays for judgment against the defendant in an amount greater than FIFTY THOUSAND DOLLARS ($50,000).

## COUNT II – Violation of 42 USC § 1983 v. Unknown Police Officers and Security Guards at Clinton County Jail

23. That Plaintiff incorporates paragraphs 1-15 as if fully set forth herein.

24. That the John Doe and Richard Roe, Unknown Police Officers and Security Guards at Clinton County Jail, had a duty to maintain the premises and to provide reasonably safe living conditions to the people in its custody.

25. That Plaintiff was deprived, by the defendants, of his rights under the Fifth

and Fourteenth Amendments to the US Constitution to due process of law and to maintain the premises and to furnish reasonably safe living conditions to the people in his department's custody.

26. The defendants' failure to take appropriate steps to provide reasonably safe footwear constitutes deliberate indifference to Plaintiff's basic need for reasonable protection from harm.

27. That Defendant's actions unreasonably created a strong likelihood of serious harm to Plaintiff and/or significantly increased the plaintiff's risk of harm.

28. That as a direct and proximate result of the foregoing acts on the part of the defendant, the plaintiff suffered personal injuries, medical expenses, pain and suffering, attorney's fees and will be caused to incur medical expenses in the future as well as pain and suffering.

WHEREFORE, Plaintiff prays for judgment against the unknown Police Officers and Security Guards at Clinton County Jail, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000).

Respectfully Submitted,

s/ Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
Kuehn, Beasley & Young, P.C.
23 S. First Street
Belleville, Illinois 62220
JarrodBeasley@kuehnlawfirm.com
Phone: 618.277.7260
Fax: 618.277.7718


s/ Daniel C. Katzman
Daniel C. Katzman #6306299
Katzman & Sugden, LLC
Attorney at Law
300 South Charles Street
Belleville, IL 62220
dkatzman@katzmanlaw.net
Phone: 618.235.2110
Fax: 618-235-2117